Jacob S. Wessel, Esq ISB: 7529
THOMSEN HOLMAN WHEILER, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277
wessel@thwlaw.com

  Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RUSSELL BERGMAN, | ) | Case No. CV- |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT AND DEMAND FOR |
| v. | ) | JURY TRIAL |
| | ) | |
| MATT'S CUSTOM MEATS, INC., an | ) | |
| Idaho Corporation and MATHEW | ) | |
| FROEHLICH, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff RUSSELL BERGMAN, for cause of action against Matt's Custom Meat's, Inc.(hereinafter "Matt's Custom Meats") and its owner Mathew Froehlich (hereinafter "Froehlich"), states and alleges as follows:

**NATURE OF THE ACTION**

1. This is a claim under Title I of the Americans with Disabilities Act of 1990 to correct unlawful employment practices on the basis of disability, to vindicate Plaintiff's rights and the rights of other qualified people with disabilities to fair treatment and equal opportunity, and to make

1 -     COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff whole.  Plaintiff Russell Bergman is a qualified individual with a physical impairment, which substantially limits him in one or more major life activities.  Matt's Custom Meats discriminated against Plaintiff Russell Bergman in the terms and conditions of his employment by firing him for his disability and by retaliating against him for filing a Charge of Discrimination with the Equal Employment Opportunity Commission.

2. This is also a claim under the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b) for Defendants' failure to pay Plaintiff overtime compensation when he worked more than forty hours per week.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 as amended ("ADA"), 42 U.S.C. § 12117(a), pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), and pursuant to to 29 U.S.C. §216(b) of the Fair Labor Standards Act of 1938.

4. The employment practices alleged herein were committed in the District of Idaho, County of Fremont.

## PARTIES

5. Plaintiff is a  resident and citizen of the State of Idaho and at all times relevant hereto was a resident of the County of Fremont.

6.  Defendant Matt's Custom Meats is an Idaho corporation doing business in the State of Idaho, County of Fremont and in the State of Wyoming, County of Teton.

2 -     COMPLAINT AND DEMAND FOR JURY TRIAL

7.     Matt's Custom Meats employs and has employed during the relevant period more than 15 employees and was engaged in an industry affecting commerce. At all material times, Matt's Custom Meats was and is an employer within the meaning of 42 U.S.C. § 12111(5)(A).

8.     Plaintiff Russell Bergman is a qualified individual with a disability for purposes of 42 U.S.C. § 12112(a), in that he has a physical impairment which substantially limits one or more major life activities.

9.     Matt's Custom Meats regarded and treated Plaintiff Russell Bergman as a person with an impairment that substantially limited one or more major life activities. Plaintiff's ability to perform the essential functions of his position with Matt's Custom Meats was limited as a result of the attitude of Matt's Custom Meats toward his impairments.

10.    Despite his disability, at all relevant times Plaintiff was able to work and qualified for the positions he held with Matt's Custom Meats, with or without reasonable accommodation. Plaintiff was fully able to perform the essential functions of the positions he held with Matt's Custom Meats.

## PROCEDURAL REQUIREMENTS

11.    Plaintiff Russell Bergman has filed charges of unlawful employment practices with the with the Equal Employment Opportunity Commission ("EEOC") raising the issues complained of herein.

12.    Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") authorizing him to commence a civil action. Plaintiff has filed this complaint within 90 days from the date he received his notice authorizing him to bring actions.

## COUNT I:  (DISABILITY  DISCRIMINATION)
### (TITLE I OF THE AMERICANS WITH DISABILITIES ACT)

13. Plaintiff incorporates by reference the allegations of paragraphs 1 through 12 as if fully set forth herein.

14. Plaintiff Russell Bergman began working for Matt's Custom Meats in 2012, and was employed by Matt's Custom Meats making jerky, ham, and bacon, working in Fremont Coutny, Idaho, until he was terminated in violation of the Americans with Disabilities Act on November 14, 2017.

15. On November 14, 2017, Matt's Custom Meats' business manager, Ahani Martinez, terminated Plaintiff because of his disability, and Matt's Custom Meats has not scheduled Plaintiff to work any shifts since that date.

16. Matt's Custom Meats has refused to accommodate Plaintiff's disability in any way.

17. Plaintiff Russell Bergman was and is qualified for his position at Matt's Custom Meats and was and is able to perform the essential functions of such position.

18. Plaintiff Russell Bergman was at all times relevant hereto and is a disabled individual within the meaning of the Americans with Disabilities Act in that he has a disability that substantially limits one or more major life activities.

19. Matt's Custom Meats engaged in unlawful intentional discrimination against Plaintiff on the basis of disability in the terms and conditions of Plaintiff's employment and in his termination.

20. As a result of Matt's Custom Meats' intentional acts alleged herein, Plaintiff suffered emotional distress, mental anguish, embarrassment, loss of dignity and self-esteem, humiliation, and

loss of enjoyment of life, resulting in damages in such amount as may be available under applicable law.

21. Matt's Custom Meats' acts were done intentionally with an improper, abusive, discriminatory motive, and with reckless indifference to Plaintiff's federally protected rights. Such conduct should not be tolerated by this society, and punitive damages as determined by a jury and available under applicable law, should be awarded to punish Matt's Custom Meats and deter such conduct in the future.

22. Plaintiff is entitled to attorney fees, expert witness fees, and costs incurred herein, pursuant to one or more of the following statutes: 42 U.S.C. § 1988, 42 U.S.C. § 12205, Idaho Code § 12-120, and any other applicable federal and/or state statute.

## COUNT II: (RETALIATION)
## (TITLE I OF THE AMERICANS WITH DISABILITIES ACT)

23. Plaintiff incorporates paragraphs 1 through 22 of this Complaint and Demand for Jury Trial as if set for fully herein;

24. One of the benefits of Plaintiff's employment with Matt's Custom Meats was the right to live in housing owned by Defendant Mathew Froehlich; Plaintiff lived in this housing from 2012 until on or about January 17, 2018.

25. After Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission, the Equal Employment Opportunity served the Charge of Discrimination on Matt's Custom Meats, and specifically its owner Mathew Froehlich on or about January 17, 2018.

26. On January 17, 2018, Defendant Mathew Froehlich sent a text to Plaintiff Russell Bergman stating "Russell don't bite the hand that feeds you. I need you out of the house by 22nd."

5 -   COMPLAINT AND DEMAND FOR JURY TRIAL

27.     Matt's Custom Meats retaliated against Plaintiff by evicting him from his home on five days' notice because he filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

28.     As a result of Matt's Custom Meats' intentional acts alleged herein, Plaintiff suffered emotional distress, mental anguish, embarrassment, loss of dignity and self-esteem, humiliation, and loss of enjoyment of life, resulting in damages in such amount as may be available under applicable law.

29.     Matt's Custom Meats' acts were done intentionally with an improper, abusive, discriminatory, and retaliatory motive, and with reckless indifference to Plaintiff's federally protected rights.  Such conduct should not be tolerated by this society, and punitive damages as determined by a jury and available under applicable law, should be awarded to punish Matt's Custom Meats and deter such conduct in the future.

30.     Plaintiff is entitled to attorney fees, expert witness fees, and costs incurred herein, pursuant to one or more of the following statutes: 42 U.S.C. § 1988, 42 U.S.C. § 12205, Idaho Code § 12-120, and any other applicable federal and/or state statute.

## COUNT III: FAILURE TO PAY OVERTIME WAGES
## (FAIR LABOR STANDARDS ACT)

31.     Plaintiff incorporates paragraphs 1 through 30 of this Complaint and Demand for Jury Trial as if set for fully herein.

32.     In 2012 Matt's Custom Meats employed Plaintiff to make jerky, ham, and bacon in St. Anthony, Idaho.  Mathew Froehlich hired Plaintiff to perform the work.  Matt's Custom Meats is an "employer" within the meaning of 29 USC §203(d).  Mathew Froehlich at all times exercised

control over the nature and structure of the employment relationship between Plaintiff and Matt's Custom Meats ; Matt's Custom Meats at all times maintained economic control over the relationship between plaintiffs and Matt's Custom Meats.

33.     At the end of Plaintiff's employment , Matt's Custom Meats paid Plaintiff $9.50 per hour for forty hours per week.

34.     During the course of Plaintiff's employment with Matt's Custom Meats ,Matt's Custom Meats and Mathew Froehlich regularly and consistently required Plaintiff, as a condition of continued employment, to work in excess of forty hours per week.

35.     At the conclusion of Plaintiff's employment, Defendants evicted Plaintiff from his housing that was a benefit of his employment with Matt's Custom Meats.

36.     This court has jurisdiction pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act of 1938, and pursuant to 28 U.S.C. §1367(a).

37.     Defendants are employers within the meaning of 29 U.S.C. §203(d) and Matt's Custom Meats is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1), Fair Labor Standards Act of 1938.

38.     Notwithstanding the fact that defendants required plaintiffs to regularly and consistently work in excess of forty hours per week, defendant failed to pay to plaintiffs overtime compensation as required by 29 U.S.C. §207(a)(1), Fair Labor Standards Act of 1938.

39.     Pursuant to 29 U.S.C. §216(b), plaintiffs is entitled to recover from Defendants the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages.

40.     Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants Plaintiff's reasonable attorney fees incurred in this action as well as the costs of the action.

7 -     COMPLAINT AND DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court:

1. To assume jurisdiction over each of the causes set forth herein.

2. To declare Matt's Custom Meats' conduct as alleged herein to be in violation of the ADA.

3. For back pay and benefits from the date of termination to date of trial, in an amount to be proven at trial;

4. For front pay and benefits from date of trial in an amount to be proven at trial as an equitable remedy in lieu of reinstatement;

5. For a permanent injunction enjoining Matt's Custom Meats, its owners, officers, management personnel, employees and all persons in active concert or participation with Matt's Custom Meats from engaging in any employment practice which discriminates on the basis of disability;

6. For general damages for Plaintiff's emotional distress in an amount to be proven at trial;

7. For punitive damages in an amount to be proven at trial;

8. For pre-judgment interest at the highest applicable rate upon all amounts found due and owing;

9. For plaintiffs' unpaid overtime compensation in an amount to be proven at trail;

10. For liquidated damages in an amount equal to the unpaid overtime compensation;

11. For Plaintiff's attorney fees, expert witness fees and court costs incurred in bringing this action; and

12. For such other and further relief as the court deems just and equitable.

DATED February 2, 2018.

THOMSEN HOLMAN WHEILER, PLLC

By: /s/
Jacob S. Wessel, Esq.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

DATED February 2, 2018.

THOMSEN HOLMAN WHEILER, PLLC

By: /s/
Jacob S. Wessel, Esq.

J:\data\JSW\10530\001 Complaint